UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHNDRUE MABB,

          Plaintiff,

    v.                1:18-CV-866
                       (FJS/DJS)

THE TOWN OF SAUGERTIES;
CHIEF OF POLICE JOSEPH SINAGRA;
RYAN HAMPEL[1]; JAMES MULLEN;
THE COUNTY OF ULSTER; THE
COUNTY OF ULSTER URGENT TASK
FORCE BOARD OF DIRECTORS;
HOLLEY CARNRIGHT; SHERIFF
PAUL VANBLARCUM; WILLIAM
WEISHAUPT; DANIEL WAAGE; and
JOHN DOE(S) and JANE DOE(S);

          Defendants.

---

**APPEARANCES**        **OF COUNSEL**

**COOPER ERVING**       **CARLO ALEXANDRE C. DE OLIVEIRA, ESQ.**
**& SAVAGE LLP**
39 North Pearl Street
4th Floor
Albany, New York 12207
Attorneys for Plaintiff

**BURKE, SCOLAMIERO**     **JUDITH B. AUMAND, ESQ.**
**& HURD, LLP**
7 Washington Square
Albany, New York 12205
Attorneys for Defendants
The Town of Saugerties,
Chief of Police Joseph Sinagra,
and Ryan Hampel

---

[1] The caption on the Docket identifies Defendant Hampel as "James Hampel." The complaint indicates that this Defendant's name is "Ryan" Hampel. The Court thus instructs the Clerk of the Court to amend the caption to reflect that this Defendant's name is "Ryan Hampel."

- 1 -

| | |
|---|---|
| **MCCABE & MACK LLP**<br>63 Washington Street<br>P.O. Box 509<br>Poughkeepsie, New York 12602<br>Attorneys for Defendants James<br>Mullen, The County of Ulster,<br>The County of Ulster URGENT<br>Task Force Board of Directors,<br>Holley Carnright, Sheriff Paul<br>VanBlarcum, and William<br>Weishaupt | **DAVID L. POSNER, ESQ.** |
| **MURPHY BURNS, LLP**<br>407 Albany Shaker Road<br>Loudonville, New York 12211<br>Attorneys for Defendant Daniel<br>Waage | **THOMAS K. MURPHY, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Johndrue Mabb ("Plaintiff") commenced this action against the Town of Saugerties ("Defendant Town of Saugerties"), the Town of Saugerties's Chief of Police, Joseph Sinagra ("Defendant Sinagra"), Police Officer Ryan Hampel ("Defendant Hampel"), Police Officer James Mullen ("Defendant Mullen"), the County of Ulster ("Defendant Ulster County"), the Ulster County URGENT Task Force Board of Directors ("Defendant URGENT Task Force"), and Defendant URGENT Task Force's Board Members Holley Carnright, Paul VanBlarcum, Daniel Waage, and William Weishaupt, in their individual capacities, ("Defendants Carnright, VanBlarcum, Waage, and Weishaupt") seeking compensatory damages, punitive damages, and attorney's fees for alleged violations of his civil rights. *See generally* Dkt. No. 1. Defendants

Mullen and Hampel have moved to dismiss several of Plaintiff's claims against them, *see generally* Dkt. Nos. 17, 26; and the remaining Defendants have moved to dismiss the complaint in its entirety pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, *see generally* Dkt. Nos. 14, 17, 26.

## II. BACKGROUND

Plaintiff alleges that, on July 25, 2017, while sitting in traffic at a red light, he noticed a dark SUV come up behind his vehicle. Upon information and belief, Plaintiff contends that Defendant Mullen was driving the car and Defendant Hampel was a passenger. Both men are Investigators and Police Officers with the Town of Saugerties Police Department, and they were working undercover for the Ulster County URGENT Task Force at the time; but Plaintiff alleges that he did not know they were police officers. Plaintiff claims that the SUV stopped about six inches from his rear bumper, and he moved his car forward and stopped. According to Plaintiff, the SUV then pulled up again; and he again moved forward. *See id.* Plaintiff states that he looked in his rear-view mirror, thinking the SUV's driver was not paying attention; and he saw two males smiling at him. Plaintiff alleges that the SUV then moved up within inches of his vehicle again, and Plaintiff inched forward.

Plaintiff alleges that, because he was feeling threatened, he motioned for the driver and passenger in the SUV to stop harassing him. According to Plaintiff, Defendants Mullen and Hampel appeared angry; and so he put up his windows, locked his doors, and reached in the back of his vehicle and moved a baseball bat to the passenger seat of his car. Plaintiff alleges that, when he looked back again after grabbing his baseball bat, Defendant Hampel "motioned both hands back and forth toward his chest as if he was inviting Plaintiff for a fight."

In response, Plaintiff states that he made a right turn onto 9W north while the traffic light was yellow to get away from the SUV; but the SUV ran the red light and followed him onto 9W north. Lights were flashing on the visors and grill of the SUV when it caught up to Plaintiff's vehicle; and, at that point, Plaintiff called 911. Plaintiff alleges that, while he was on the phone with the 911 dispatcher, he stopped at a traffic light and the SUV pulled over in front of his vehicle, which blocked his passage to the road. According to Plaintiff, the two males then exited the vehicle with their guns drawn and pointed at him; and they demanded that he put his phone down and shut his car off. Plaintiff alleges that, as soon as he unbuckled his seat belt, Defendant Mullen yanked him out of his vehicle from a seated position to six inches off the ground, threw his body against his car, handcuffed his right hand, and proceeded to force his left arm backwards in an effort to handcuff him.

Plaintiff further asserts that, due to a physical disability, his arm did not bend backwards; and, when he tried to tell Defendants Mullen and Hampel this, they mocked and threatened him. Plaintiff alleges that, eventually, he was handcuffed in the front, taken to the police station, and charged with misdemeanor criminal possession of a weapon, misdemeanor menacing, a violation of driving across hazardous markings, and a violation for failing to comply with a lawful order of a police officer. All of the charges were eventually withdrawn by the People and dismissed by the Saugerties Town Court. However, as a result of this incident, Plaintiff alleges he suffered injuries in and around his back, neck, and shoulders; and he is traumatized, suffering from post-traumatic stress disorder, depression, and anxiety.

Based on these allegations, Plaintiff filed his complaint in the instant suit on July 24, 2018, asserting the following seven causes of action:

(1) Excessive use of force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment[2] against Defendants Mullen and Hampel;

(2) Failure to intervene pursuant to 42 U.S.C. § 1983 and the Fourth Amendment against Defendants Mullen and Hampel;

(3) Failure to train, supervise, or discipline pursuant to 42 U.S.C. § 1983 against Defendants Town of Saugerties, Sinagra, Ulster County, the URGENT Task Force, Carnright, VanBlarcum, Waage, and Weishaupt;

(4) Assault and battery pursuant to New York common law against Defendants Mullen and Hampel;

(5) Negligence and gross negligence pursuant to New York common law against all Defendants;

(6) False arrest, false imprisonment, and unreasonable search pursuant to the Fourth and Fourteenth Amendments against Defendants Mullen and Hampel; and

(7) Malicious prosecution pursuant to 42 U.S.C. § 1983 against all Defendants.

*See generally* Dkt. No. 1.

## III. DISCUSSION

### A. Legal standard governing a motion to dismiss

A motion to dismiss pursuant to Rule 12(b)(6) "challenges only the 'legal feasibility' of a complaint." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558 (2d Cir. 2016) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[2] Plaintiff alleges that Defendants Mullen and Hampel violated his Eighth Amendment rights, *see* Dkt. No. 1 at ¶ 60, but the Court construes this claim as arising under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 388 (1989) (holding that claims "that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard").

[*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] …" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). When making its decision, this court must "accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff." *Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 235 (2d Cir. 2008) (citing *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (per curiam)).[3]

---

[3] Defendants Town of Saugerties and Sinagra have moved to dismiss the entire complaint pursuant to Rule 12(c) because they already submitted an Answer. *See* Dkt. No. 15. However, the standard for analyzing motions brought pursuant to Rules 12(b)(6) and 12(c) is the same.

**B. Claims against Defendants Mullen and Hampel[4]**

*1. Failure to intervene*

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988)) (other citations omitted). "Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Id.* (citing [*O'Neill*, 839 F.3d at 11-12]). At the summary judgment stage, courts have held, "where the officer is a direct participant in the allegedly excessive use of force, the failure to intervene theory of liability is inapplicable." *Cuellar v. Love*, No. 11-CV-3632 (NSR), 2014 U.S. Dist. LEXIS 51622, *23 (S.D.N.Y. Apr. 11, 2014) (citations omitted).

This matter is in the pleading stage, and Plaintiff has not yet conducted any discovery on this issue. Plaintiff argues that he is unable to determine which officer used the excessive force and which officer was the bystander. *See* Dkt. No. 18 at 16. Plaintiff further contends that the

---

[4] Defendants Mullen and Hampel did not move to dismiss Plaintiff's first cause of action for excessive force, fourth cause of action for assault and battery, and sixth cause of action insofar as it alleges false arrest and false imprisonment. They did, however, move to dismiss Plaintiff's sixth cause of action insofar as it alleges a claim for unreasonable search. *See generally* Dkt. Nos. 17-3, 26-2.

Furthermore, Defendant Mullen did not move to dismiss Plaintiff's seventh cause of action for malicious prosecution. Although Defendant Hampel made a general statement that the Court should dismiss Plaintiff's malicious prosecution claim against him, he made no specific argument in his motion papers with regard to the plausibility of that claim. Therefore, to the extent that Defendant Hampel intended to move to dismiss Plaintiff's seventh cause of action for malicious prosecution against him, the Court denies that motion.

Court should permit him to plead inconsistent theories of liability in the alternative until he has had the opportunity to investigate which theory of liability is supported by the facts. *See id.* (citing *Consol. Risk Servs. v. Auto. Dealers WC Self Ins. Trust*, No. 1:06-CV-871 (FJS/RFT), 2007 U.S. Dist. LEXIS 22097, *23-*24 (N.D.N.Y. Mar. 27, 2007)).

In his complaint, Plaintiff asserted several facts about the alleged conduct of each Defendant. For example, Plaintiff alleged that, "[a]fter observing Plaintiff grabbing a baseball bat, [D]efendant Hampel motioned both hands back and forth toward his chest as if he was inviting Plaintiff for a fight." *See* Dkt. No. 1 at ¶ 24. Plaintiff also alleged that Defendant Mullen "yanked [Plaintiff] out of his vehicle from a [seated] position to approximately six (6) inches off the ground, threw his body against Plaintiff's car, handcuffed his right hand and proceeded to force Plaintiff's left arm backwards in an effort to hand cuff him." *See id.* at ¶ 29.

Looking at these facts in the light most favorable to Plaintiff, the Court finds that Plaintiff adequately pled, in the alternative, his second cause of action for failure to intervene; and, accordingly, the Court denies Defendants' motions to dismiss this claim.

### 2. *Unreasonable search*

Defendants Mullen and Hampel move to dismiss Plaintiff's sixth cause of action insofar as it alleges an unreasonable search pursuant to the Fourth and Fourteenth Amendments. *See* Dkt. No. 17-3 at 12; *see also* Dkt. No. 26-2 at 10. Plaintiff concedes in response to Defendant Hampel's motion to dismiss that "he is not asserting a claim for unreasonable search against Defendant Ryan Hampel." *See* Dkt. No. 28 at 17. He does not make this concession as to Defendant Mullen's motion to dismiss, but he also does not respond to that part of the motion. *See generally* Dkt. No. 18. Furthermore, Plaintiff does not allege any facts in his complaint— even under the heading for his sixth cause of action alleging an "Unreasonable Search"— that

show he suffered an unreasonable search. Therefore, the Court finds that Plaintiff has failed to state a claim for an unreasonable search against Defendants Mullen and Hampel and grants their motions to dismiss this aspect of Plaintiff's sixth cause of action.

### *3. Negligence and gross negligence*

Defendants Mullen and Hampel argue that the Court should dismiss Plaintiff's fifth cause of action for negligence and gross negligence against them because the complaint only alleges that they engaged in intentional conduct, not negligent conduct, and New York law does not permit a negligence claim when the underlying conduct was intentional. *See* Dkt. No. 17-3 at 12; *see also* Dkt. No. 26-2 at 9.

Plaintiff, however, did not allege in his complaint that Defendants Mullen and Hampel acted negligently. *See generally* Dkt. No. 1 at ¶¶ 82-87. Instead, the complaint only alleges, "The aforementioned acts and/or omissions by the Defendants Mullen, Hampel, John Doe and Jane Doe were *caused*, in whole or in part, *by the negligence and/or recklessness of* the Town of Saugerties Police Department and/or the Town of Saugerties, and/or Chief of Police Joseph Sinagra," *see id.* at ¶ 83 (emphases added), and by "the Ulster County URGENT task force, and/or the County of Ulster, and/or members of the URGENT task force board of directors including, Holley Carnright, Paul [VanBlarcum], Daniel Waage, and Task Force Commander, William Weishaupt…" *see id.* at ¶ 85. Therefore, the Court denies Defendants Mullen's and Hampel's motions to dismiss Plaintiff's claim of negligence and gross negligence against them as moot because Plaintiff did not assert that claim against them.[5]

---

[5] In response to these motions, Plaintiff asserts that his complaint satisfactorily alleges common law negligence claims against Defendant Mullen. *See* Dkt. No. 18 at 18. Further, Plaintiff responds to both Defendants Mullen's and Hampel's motions to dismiss, arguing that the Court should not dismiss Plaintiff's negligence and gross negligence claims against them. *See* Dkt.

**C. Claims against all other Defendants**

***1. Failure to train, supervise, or discipline against the municipal defendants***

Plaintiff alleges that Defendants Ulster County, the Ulster County URGENT Task Force, and the Town of Saugerties are liable pursuant to 42 U.S.C. § 1983 for failure to train, supervise, and discipline town and Task Force police officers, including Defendants Mullen and Hampel. *See generally* Dkt. No. 1 at ¶¶ 61-76.

First, although Defendants do not raise this issue, the Ulster County URGENT Task Force is not a suable entity. In *Wright v. Orleans Cnty.*, the court dismissed a claim against the Orleans County Major Crimes Task Force, holding, "[a]n administrative arm of a municipal corporation … does not exist separate and apart from the municipality and does not have its own legal identity." *Wright v. Orleans Cnty.*, No. 14-CV-622A(F), 2015 LEXIS 121653, *24-*25 (W.D.N.Y. Sept. 10, 2015) (citation omitted). The URGENT Task Force is merely an administrative arm of Ulster County; and, therefore, the Court finds that the URGENT Task Force is, as a matter of law, not a suable entity and dismisses all of the claims against it *sua sponte*. Thus, the Court only addresses Plaintiff's allegations against Defendants Ulster County and the Town of Saugerties (together referred to as the "municipal defendants") in this section.

In *Monell v. Dep't of Soc. Servs.*, the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that

---

No. 18 at 16-18; *see also* Dkt. No. 28 at 15-17. As noted, however, Plaintiff did not assert such a claim against Defendants Mullen and Hampel. Thus, if it was Plaintiff's intention to state a claim of negligence and gross negligence against Defendants Mullen and Hampel, and Plaintiff still wishes to do so, he may file a motion for leave to amend his complaint.

the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[I]nadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (footnote omitted).

Furthermore, "[i]t may seem contrary to common sense to assert that a municipality will actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390 (footnote omitted).

In Plaintiff's complaint, he alleges the following:

> [T]he misconduct of Defendants Mullen and Hampel was undertaken pursuant to the policy and practice of the Saugerties Police Department in that, as a matter of both policy and practice, the Saugerties Police Department directly encourages and or ratifies, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, or control its officers regarding the use of force and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those inflicted upon the Plaintiff, such that its failure to do so manifests deliberate indifference.

*See* Dkt. No. 1 at ¶ 51.

The complaint also alleges that the municipal defendants were responsible for training, supervising, and disciplining Defendants Mullen and Hampel, for making and implementing policies and practices used by law enforcement officers working for the URGENT Task Force, and for investigating and remedying Defendants Mullen's and Hampel's excessive use of force and Plaintiff's unjustified arrest. *See id.* at ¶¶ 62-67.

In fact, Plaintiff alleges, his "situation represents the latest in a series of incidents of misconduct by the Saugerties Police Department, including excessive use of force when conducting arrests." *See id.* at ¶ 43. Additionally, according to the complaint, the municipal defendants, including Defendants Sinagra, Carnright, VanBlarcum, Waage, and Weishaupt as their policymakers, failed to implement a policy and practice to refresh in-the-field skills, continue education, and train police personnel in the proper use of force, and that inadequate training policy amounted to deliberate indifference and a conscious disregard to Plaintiff's constitutional rights. *See id.* at ¶¶ 69-71.

The Court finds that, when viewing all of the factual allegations in the complaint as true and in the light most favorable to Plaintiff, he has adequately pled a cause of action for § 1983 municipal liability against Defendants Ulster County and the Town of Saugerties for failure to train, supervise, or discipline Defendants Mullen and Hampel. Thus, the Court denies the municipal defendants' motions to dismiss this claim.

### 2. *Failure to train, supervise, or discipline against Defendants Sinagra, Carnright, VanBlarcum, Waage, and Weishaupt in their individual capacities*

A supervisory official may be held personally liable under § 1983 if the official had "personal involvement" with the alleged misconduct. *See Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 753 (2d Cir. 2003) (citation omitted). A "supervisor" is someone who can make a tangible employment decision, such as hiring, firing, failing to promote, or reassigning an employee with significantly different responsibilities. *See Vance v. Ball State Univ.*, 570 U.S. 421, 429 (2013).

> "Personal involvement" is not limited to direct participation by the supervisor in the challenged conduct, but may also be established by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4)

> deliberate indifference to the rights of others by failing to act on information
> regarding the unlawful conduct of subordinates.

*Hayut*, 352 F.3d at 753 (citation omitted).

### a. *Defendants Carnright, VanBlarcum, Waage, and Weishaupt*

First, the individual URGENT Task Force Board Member Defendants contend that Plaintiff has not shown that they are policymakers or supervisors and thus subject to § 1983 liability. *See* Dkt. No. 14-2 at 11. Second, they argue that Plaintiff has not shown that they had any personal involvement with Defendants Mullen's and Hampel's misconduct. *See* Dkt. No. 17-3 at 10.

However, as Plaintiff points out, the complaint alleges that the individual Board Member Defendants are responsible for training, supervising, and disciplining Defendants Mullen and Hampel, thus making them supervisory officials. *See* Dkt. No. 1 at ¶¶ 65-66; *see also* Dkt. No. 19 at 8. Furthermore, the complaint alleges that the Board Member Defendants "have done nothing to investigate or remedy the excessive use of force and unjustified arrest of the Plaintiff or others by Defendants [Mullen and Hampel], and condoned the aforementioned behavior of said police officers." *See* Dkt. No. 1 at ¶ 67; *see also* Dkt. No. 19 at 8. This allegation, taken as true, would tend to show that the Board Member Defendants failed to take corrective action after learning of a subordinate's unlawful conduct, which is one way to show personal involvement for § 1983 liability. *See Hayut*, 352 F.3d at 753. Finally, the complaint alleges that the Board Member Defendants acted with deliberate indifference and a conscious disregard of Plaintiff's constitutional rights when they inadequately trained, supervised, and disciplined the law enforcement members of the Saugerties Police Department and the Ulster County

URGENT Task Force, including Defendants Mullen and Hampel. *See* Dkt. No. 1 at ¶¶ 70-71; *see also* Dkt. No. 19 at 8.

When viewing these factual allegations in the light most favorable to Plaintiff, the Court finds that the complaint plausibly alleges a cause of action for failure to train, supervise, or discipline, pursuant to 42 U.S.C. § 1983, against Defendants Carnright, VanBlarcum, Waage, and Weishaupt in their individual capacities; and the Court, therefore, denies Defendants' motions to dismiss this claim.

### b. *Defendant Sinagra*

Defendant Sinagra argues that there are no factual statements in Plaintiff's complaint that allege what he did or did not do. *See* Dkt. No. 26-2 at 8. Instead, Defendant Sinagra contends that Plaintiff only relies on his title as Chief of Police, "a position of supervisory authority," to plead involvement in this incident. *See id.* Because Defendant Sinagra concedes he is a supervisory official, the Court needs only to find that Plaintiff plausibly alleged his personal involvement in the failure to train, supervise, and discipline Defendants Mullen and Hampel.

The complaint alleges, by repeating the language used to allege a cause of action against the individual Board Member Defendants, that Defendant Sinagra was aware of "prior instances of similar misconduct" that violated others' constitutional rights, and he condoned those violations by deliberately failing to train, supervise, and discipline officers working for the Saugerties Police Department and the URGENT Task Force. *See* Dkt. No. 1 at ¶¶ 51, 64. The complaint also alleges that this failure to train, supervise, and discipline law enforcement members—specifically Defendants Mullen and Hampel—amounted to deliberate indifference and conscious disregard for Plaintiff's constitutional rights. *See* Dkt. No. 1 at ¶¶ 63-64, 70-71.

Accepting these factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that the complaint plausibly alleges a cause of action against Defendant Sinagra for failure to train, supervise, or discipline pursuant to 42 U.S.C. § 1983 and denies Defendant Sinagra's motion to dismiss that claim.

### 3. *Malicious prosecution*

To prevail on a § 1983 claim for malicious prosecution, a plaintiff is "required to show 'a seizure or other perversion of proper legal procedures implicating [his] personal liberty and privacy interests under the Fourth Amendment.' … He also ha[s] to show that criminal proceedings were initiated or continued against him, with malice and without probable cause, and were terminated in his favor…" *Lanning v. City of Glens Falls*, 908 F.3d 19, 24 (2d Cir. 2018) (quoting *Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004)); (citing *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016); *Swartz v. Insogna*, 704 F.3d 105, 111-12 (2d Cir. 2013)).

In the paragraphs under the heading "Malicious Prosecution" in his complaint, Plaintiff does not specifically indicate against whom he alleges this cause of action. *See* Dkt. No. 1 at ¶¶ 94-99. It merely states that "Defendants as set forth above" subjected Plaintiff to malicious prosecution resulting in harm and injury. *See id.* at ¶ 98. However, a review of the complaint in its entirety makes clear that Plaintiff is asserting this claim against Defendants Mullen and Hampel, who did not move to dismiss this claim. On the contrary, it is clear that Plaintiff did *not* plausibly allege such a claim against any of the other Defendants.

Plaintiff alleges that he was charged with two misdemeanors—criminal possession of a weapon in the fourth degree and menacing in the third degree—and two violations—driving across hazardous markings and failure to comply with a lawful order of a police officer. *See*

Dkt. No. 1 at ¶ 32. Plaintiff alleges that Defendant Hampel executed the charges under penalty of perjury, but that both Defendants Hampel and Mullen knew that Plaintiff did not possess a billy club, nor were they fearful of serious physical injury. *See id.* at ¶¶ 32-37. The complaint further states, "On or about June 27, 2018, all criminal charges were withdrawn by the People and dismissed by the Saugerties Town Court, and therefore Plaintiff received a favorable disposition of the charges." *See id.* at ¶ 97.

Based on the above allegations, the Court finds that Plaintiff did not allege facts in his complaint plausibly linking this claim to any of the Defendants other than Defendants Mullen and Hampel. Thus, the Court grants Defendants Town of Saugerties, Sinagra, Ulster County, Carnright, VanBlarcum, Waage, and Weishaupt's motions to dismiss Plaintiff's malicious prosecution claim.

### 4. *Negligence and gross negligence*[6]

"In order to prevail on a negligence claim, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (2016) (quoting *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 [1985]). Gross negligence requires a higher standard. "'Gross negligence is the commission or omission of an act or duty owing by one person to a second party which discloses a failure to exercise slight diligence. In other

---

[6] Defendants Town of Saugerties, Sinagra, Ulster County, Carnright, VanBlarcum, and Weishaupt have moved to dismiss the entire complaint pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. However, these Defendants did not offer any specific argument in their motion papers regarding the plausibility of Plaintiff's claim that they were negligent or grossly negligent. *See generally* Dkt. Nos. 17-3, 26-2. Thus, to the extent that these Defendants intended to move to dismiss Plaintiff's fifth cause of action based on the theories of negligence and gross negligence, the Court denies those motions.

words, the act or omission must be of an aggravated character as distinguished from the failure to exercise ordinary care.'" *Vosburgh v. Am. Nat'l Red Cross*, No. 5:08-CV-00653 (NPM/GHL), 2009 U.S. Dist. LEXIS 99826, *34 (N.D.N.Y. Oct. 27, 2009) (quoting *Kofin v. Court Plaza, Inc.*, 886 N.Y.S.2d 71, 23 Misc. 3d 1121[A] (N.Y. Sup. Ct. 2009) (citing *Weld v. Postal Tel. Cable Co.*, 210 N.Y. 59, 103 N.E. 957 (1913))).

Defendant Waage, one of the URGENT Task Force Board Members sued in his individual capacity, argues generally that the Court should dismiss Plaintiff's cause of action for negligence and gross negligence against him. *See* Dkt. No. 14-2 at 8, 10. However, he gives no specific argument for this beyond his rationale for dismissing Plaintiff's § 1983 claim for failure to train, supervise, or discipline Defendants Mullen and Hampel against him; and Plaintiff does not respond to this general contention. *See generally id.*

The complaint alleges that Defendant Waage had a duty to Plaintiff in that he was responsible for training, supervising, and disciplining Defendants Mullen and Hampel, including by making and implementing policies for law enforcement officers working for the URGENT Task Force. *See* Dkt. No. 1 at ¶ 61. It further alleges that he breached that duty by failing to implement a policy and practice to refresh in-the-field skills, continue education, or train police personnel in the proper use of force, and that Defendant Waage did nothing to investigate or discipline Defendants Mullen and Hampel for Plaintiff's arrest and their alleged excessive use of force. *See id.* at ¶¶ 67-69. As a direct result of Defendant Waage's negligent acts or omissions, Plaintiff alleges that he sustained and continues to suffer from serious injuries. *See id.* at ¶ 74. Based on these allegations, the Court finds that Plaintiff sufficiently pled a cause of action for negligence against Defendant Waage. Accordingly, the Court denies Defendant Waage's motion to dismiss Plaintiff's fifth cause of action against him.

**D. Punitive Damages**

Defendants Town of Saugerties, Sinagra, and Hampel argue that the Court should dismiss Plaintiff's claim for punitive damages. *See* Dkt. No. 26-2 at 11. Under federal and New York law, a request for punitive damages is a form of relief sought, not a separate cause of action. *See, e.g.*, *Phillips v. DeAngelis*, 571 F. Supp. 2d 347, 350 n.1 (N.D.N.Y. 2008) *aff'd by* 331 F. App'x 894 (2d Cir. 2009) (Summary Order); *Eldridge v. Rochester City Sch. Dist.*, 968 F. Supp. 2d 546, 563-64 (W.D.N.Y. 2013); *Rocanova v. Equitable Life. Assur. Soc'y*, 83 N.Y.2d 603, 616-17 (1994) (holding "[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action…" (citations omitted)). Thus, it would be inappropriate for the Court to determine the applicability of punitive damages before a fact-finder establishes liability. However, the Court notes that, insofar as Plaintiff's complaint asserts punitive damages against the municipal defendants, such relief is not available. *See Newport v. Fact Concerts*, *Inc.*, 453 U.S. 247, 267 (1981).

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants Mullen and Hampel's motions to dismiss Plaintiff's sixth cause of action, in part, for unreasonable search against them is **GRANTED**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's seventh cause of action for malicious prosecution against Defendants Ulster County, Town of Saugerties, Sinagra, Carnright, VanBlarcum, Waage, and Weishaupt is **GRANTED**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's second cause of action for failure to intervene against Defendants Mullen and Hampel is **DENIED**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's fifth cause of action for negligence and gross negligence against Defendants Mullen and Hampel is **DENIED** as moot; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's third cause of action for failure to train, supervise, or discipline against Defendants Ulster County, Town of Saugerties, Sinagra, Carnright, VanBlarcum, Waage, and Weishaupt is **DENIED**; and the Court further

**ORDERS** that Defendant Waage's motion to dismiss Plaintiff's fifth cause of action for negligence and gross negligence against him is **DENIED**; and the Court further

**ORDERS** that all claims against Defendant County of Ulster URGENT Task Force are **DISMISSED** *sua sponte* as it is not a suable entity; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Stewart for all further pretrial matters.[7]

---

[7] As a result of this Memorandum-Decision and Order, the following claims remain:

(1) First cause of action for excessive use of force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment against Defendants Mullen and Hampel;

(2) Second cause of action for failure to intervene pursuant to 42 U.S.C. § 1983 and the Fourth Amendment against Defendants Mullen and Hampel;

(3) Third cause of action for failure to train, supervise, or discipline pursuant to 42 U.S.C. § 1983 against Defendants Ulster County and Town of Saugerties under a municipal liability theory and against Defendants Sinagra, Carnright, VanBlarcum, Waage, and Weishaupt in their individual capacities;

**IT IS SO ORDERED.**

Dated: January 14, 2020

      Syracuse, New York

_[signature]_
Frederick J. Scullin, Jr.
Senior United States District Judge

---

(4) Fourth cause of action for assault and battery pursuant to New York common law against Defendants Mullen and Hampel;

(5) Fifth cause of action for negligence and gross negligence pursuant to New York common law against Defendants Ulster County, Town of Saugerties, Sinagra, Carnright, VanBlarcum, Waage, and Weishaupt;

(6) Sixth cause of action for false arrest and false imprisonment pursuant to the Fourth and Fourteenth Amendments against Defendants Mullen and Hampel; and

(7) Seventh cause of action for malicious prosecution pursuant to 42 U.S.C. § 1983 against Defendants Mullen and Hampel.